**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RONALD HUNTER,
        Petitioner,

                                                              Civil Case No. 03-71042
v.                                                         Criminal Case No.  92-81058-21
                                                            Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
        Respondent.
_____/

**MEMORANDUM OPINION and
ORDER DENYING MOTION FOR RECONSIDERATION**

**I.**

Before the court is Petitioner, Ronald Hunter's Motion for Reconsideration.  For the reasons stated below, Petitioner's motion must be DENIED.

**II.**

On April 17, 1997, a grand jury returned a fourth superseding indictment charging Petitioner and others with aiding and abetting and  intentional killing of a female victim outside a Detroit, MI, nightclub in violation of 18 U.S.C. § 2, and 21 U.S.C. § 848(e)(1)(A), and use or carrying of a firearm in violation of 18 U.S.C. § 924(c).  Petitioner was one of eleven defendants charged in a fourth superseding indictment with various drug violations, including conspiracy to possess with intent to distribute cocaine base. 21 U.S.C. § 846.  After a jury trial, Petitioner was found guilty of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2, for intentional killing and 18 U.S.C. § 924(c), for use or carrying of a firearm.   On November 16, 1998, Petitioner was sentenced to a term of life

imprisonment for the intentional killing and aiding and abetting charge, and 60 months on the firearm charge, said terms to run consecutively.

Petitioner appealed his sentence and the Sixth Circuit issued an order denying his appeal. *U.S. v. Sellers*, 9 Fed. Appx. 335 (6th Cir. 2001); *cert. denied, Hunter v. U.S.*, 535 U.S. 909, 152 L. Ed. 2d 150, 122 S. Ct. 1213, (2002).

On March 14, 2003, Petitioner filed a Motion to vacate sentence pursuant to 28 U.S.C. §2255. The motion essentially constituted an ineffective assistance of counsel claim. Petitioner contended that he was denied the effective assistance of counsel because his attorney 1) failed to present and/or investigate exculpatory investigation reports that were given to homicide detectives; 2) failed to subpoena valet parkers who were working at the nightclub where the homicide took place; 3) failed to properly cross-examine Detroit Police Officer William Petersen ("Officer Petersen") at trial concerning his knowledge of reports written by the valet parkers; 4) failed to subpoena various eye witnesses and exculpatory witnesses to testify at trial; 5) failed to allow Petitioner to testify and failed to advise Petitioner of his right to testify; 6) failed to request dismissal of counts four and five, intentional killing and firearms charges, respectively, of the fourth superseding indictment due to Petitioner being found not guilty of the various drug charges which constituted count one; and, finally, 7) failed to object to the court's constructive amendment of the indictment during the closing jury instructions.

After Petitioner filed his §2255 motion, he then filed a Motion for Appointment of Counsel to assist with his request for habeas relief. This court subsequently denied Petitioner's request for appointed counsel as well as his Motion for Certificate of Appealability on that issue.

On January 4, 2004, this Court issued a Memorandum Opinion and Order denying

Petitioner's §2255 motion. On February 25, 2004, Petitioner filed a Notice of Appeal. On October 28, 2004, the Sixth Circuit issued an Order denying his certificate of appealability stating that Petitioner failed to make a substantial showing of the denial of a constitutional right.

On May 19, 2005, Petitioner filed the instant Motion for Reconsideration pursuant to Fed.R.Civ.P. 60(b)(3) and (6).

### III.

The issues before the Court on this motion are whether Petitioner has made a showing: (i) of a reason justifying relief from this Court's judgment, and (ii) of a palpable defect by which the court was misled, and that correction of the defect will result in a different disposition of the case. See E.D. Mich. L.R. 7.1(g)(3). Pursuant to Local Rule 7.1(g)(3), "[g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."

Petitioner brings his Motion for Reconsideration and seeks relief from his judgment pursuant to Fed.R.Civ.P. 60(b). Rule 60(b) states in relevant part that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within *a reasonable time*, and for reasons (1), (2), and (3) *not more than one*

> *year* after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to ... set aside a judgment for fraud upon the court ... . (Emphasis added)

### a. Fed.R.Civ.P. 60(b)(3)

Fed.R.Civ.P. 60(b) clearly states that motions made pursuant to subsections (1), (2) and (3), must be made within one year after the judgment, order, or proceeding was taken.

This Court entered a Memorandum Opinion and Order denying Petitioner's 28 U.S.C. §2255 motion on January 4, 2004. The January 4th Order constituted a final order of this Court. Accordingly, the one-year time period for filing a motion pursuant to Fed.R.Civ.P. 60 began to run from that date. Petitioner's May 19, 2005, filing of the instant Motion for Reconsideration is well outside of the prescribed time period, and, therefore, is time-barred.

### b. Fed.R.Civ.P. 60(b)(6)

The residual clause in subsection (b)(6) may afford relief only in exceptional circumstances which are not otherwise addressed by the first five numbered clauses of the rule. Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir. 1993). It is properly invoked in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990).

Fed.R.Civ.P. 60 (b) does not prescribe a specific time frame under which motion made pursuant to subsections (4), (5) and (6) must be made. However, Fed.R.Civ.P. 60 (b) mandates that such a motion must be made within a reasonable time. The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the

prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." Olle v. Henry & Wright Corp., 910 F.2d at 365. The district courts enjoy broad discretion when deciding whether to set aside judgments under Rule 60(b), that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). Such policy favoring finality of judgments necessitates that Rule 60(b) motions be made within a reasonable time.

Petitioner has also brought this motion under the residual clause found in Fed.R.Civ.P. 60(b)(6). As stated, such a motion may be granted only in exceptional and extreme circumstances. Petitioner has failed to meet this burden. Petitioner merely reasserts the same claims made in his original motion pursuant to 28 U.S.C. §2255. The Court adequately addressed those arguments in its January 4, 2004 Order. Accordingly, Plaintiff has failed to establish exceptional and extreme circumstances warranting relief, and has failed to show a reason justifying relief from operation of the judgment or a palpable defect by which the court was misled. See FRCP 60; E.D. Mich. L.R. 7.1(g)(3)

Further, it is clear from Petitioner's Brief that he had knowledge of the information alleged in the instant motion at the time his motion was denied. Petitioner, however, failed to file this motion for reconsideration within a reasonable time thereafter.

Based on the fact that Petitioner has failed to set forth exceptional or extraordinary circumstances warranting relief from judgment and that the instant motion was not filed within a reasonable time after entry of the Order Denying Petitioner's §2255 motion, Petitioner's Motion for Reconsideration must be DENIED.

For the foregoing reasons,

5

IT IS ORDERED that Petitioner's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(3) and (6) is hereby DENIED.

**IT IS SO ORDERED.**


Dated: September 19, 2005                   s/Anna Diggs Taylor
     Detroit, MI                                 ANNA DIGGS TAYLOR
                                                 UNITED STATES DISTRICT COURT

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing *Order* was served upon counsel of record and Ronald Hunter via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on **September 19, 2005**

                                                 s/Johnetta M. Curry-Williams
                                                 Case Manager