# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RONALD HUNTER, #22594-039
        Petitioner,

v.
        Civil Case No. 07-15267
        Criminal Case No. 92-81058-D21
        Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
        Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.**

On December 10, 2007, Petitioner filed a motion titled "Defendant Ronald Hunter's Motion Pursuant to a Hazel Atlas Action Based Upon Fraud on the Court." This court construed the motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. On February 7, 2008, this court entered a Memorandum Opinion and Order denying Petitioner's motion based on his failure to obtain appellate certification prior to filing a second or successive §2255 motion. Because this court lacked jurisdiction to entertain such motion, the motion was denied. A copy of the Order was sent to Petitioner via First Class U.S. mail on February 7, 2008. On April 7, 2008, Petitioner filed the motion for reconsideration which is now before the Court.

**II.**

The issues before the Court on this motion are 1) whether Plaintiff's motion for reconsideration was timely filed; and 2) whether Plaintiff made a showing: (i) of a reason justifying relief from this Court's judgment, and (ii) of a palpable defect by which the court was misled, the correction of which will result in a different disposition of the case. See E.D. Mich. L.R. 7.1(g)(3).

As a threshold matter, a motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order. E.D. Mich. L.R. 7.1(g)(1). Pursuant to Local Rule 7.1(g)(3), "[g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(2)-(3).

Here, Petitioner's motion clearly is untimely. In order to comply with Local Rule 7.1(g)(1), Plaintiff's motion for reconsideration should have been filed no later than February 20, 2008. It was not filed until April 7, 2008. Additionally, even if Petitioner's motion was timely, he raises arguments which were previously considered and ruled upon by this Court. Accordingly, Petitioner has failed to show a reason justifying relief or a palpable defect by which the court was misled. See E.D. Mich. L.R. 7.1(g)(3).

It should also be noted that Petitioner argues that he was not properly served with notice of the recharacterization of his motion. In fact, in *Castro v. United States*, 124 S. Ct. 786 (2003), the Supreme Court held that where a *pro se* defendant files a post-conviction motion seeking relief under a caption or legal theory other than §2255, the district court cannot recharacterize the motion to be a ***first motion*** under §2255 without first notifying the defendant and offering the defendant an opportunity to withdraw the motion or contest its recharacterization. *Id*. at 791-92 (emphasis added). If the district court fails to notify a *pro se* defendant that it is recharacterizing a post-trial motion to be a ***first*** §2255, then that motion cannot be considered to have become a §2255 motion for purposes of applying the law's "second or successive restrictions" to later motions. *Id*.

The law is clear, the district court cannot recharacterize an otherwise titled motion as a

motion under 28 U.S.C. §2255, without notice, if it would be Petitioner's "first" motion under §2255. This court has already considered two previous §2255 motions filed by Petitioner. The motion filed on December 10, 2007, was considered Petitioner's third §2255 motion and was not subject to the same notice requirements. As such, the recharacterization was properly done. Further, it should be noted that Petitioner was on notice of the recharacterization in early February when this court's Memorandum Opinion and Order was issued. Petitioner, however, failed to file his motion for reconsideration until almost two months later.

### III.

Petitioner also filed a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Petitioner wishes to appeal this Court's February 7, 2008 Order dismissing his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

In order to merit a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Petitioner has not made such a showing and DENIES his request for certificate of appealability.

### IV.

For the foregoing reasons,

IT IS ORDERED that Petitioner's motion asking the Court to reconsider the recharacterization of his Hazel-Atlas action as a second or successive §2255 motion [d/e 843] is hereby DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for certificate of appealability [d/e 841] is hereby DENIED.

IT IS ALSO ORDERED that Petitioner's motion to clarify his exhibits [d/e 842] is hereby GRANTED.

**IT IS SO ORDERED**.

DATED:  April 11, 2008

s/Anna Diggs Taylor
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 11, 2008.

RONALD HUNTER, #22594-039
P.O. BOX 33
TERRE HAUTE, IN 47808-0033

s/Johnetta M. Curry-Williams
Case Manager