1)

In The United States District Court For The Eastern District of Michigan

United States of America
Respondent

Case No. 92-CR-81058-21

v

Ronald Hunter
Petitioner

# Motion For Compassionate Release

Now comes Ronald Hunter (hereinafter Petitioner), by way of pro-se representation and hereby submits the instant petition in support of his motion for compassionate release under 18 U.S.C 3582 (c)(1)(A)

In support thereof, it is stated;

The Petitioner, who is currently incarcerated at FCI Pekin, Illinois, now files the pro-se action, seeking compassionate release pursuant to 18 U.S.C 3582(c)(1)(A). After initiating the issue of COVID-19 pandemic to FCI Pekin Warden Frederick Entzel, see (Warden Memorandum) Additionally, Petitioner respectfully asserts to the Court that he is requesting release, in light of his preexisting medical conditions and

page 2

his conditions of confinement at FCI Pekin. see United States v Lewis, 2020 U.S. Dist. Lexis 111135 (at 3) (D. MC. June 25, 2020)( A defendant can establish his entitlement to by demonstrating that he (1) has a condition that compellingly elevates his risk of becoming seriously ill or dying from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.) and also see United States v Brickhouse, 2020 U.S. Dist. Lexis 84987 (at 6) (D. Conn May 14, 2020) In relevant part, the compassionate release provision of                    as amended by the First Step Act of 2018, provides "the court.. upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility whichever is earlier, may reduce the term of imprisonment upon finding that there are extraordinary and compelling reasons which which warrant a reduction in sentence. 18 USC 3582 (c)(1)(A)(i) First Step Act of 2018, Pub. L 115-391, 603(b) 132 Stat. 5194 and also Brickhouse, 2020 U.S. Dist Lexis at 3

page 3

The Petitioner points out that he exhausted his administrative remedies, or that 30 days have lapsed since the Warden of his facility received his request for. see (Warden's Response Memoradum)

Discussion

As an initial matter, the compassionate release provision of 18 USC 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment and may impose a term of probation or supervised release with or without conditions, that does not exceed the unserved portion of the original term of imprisonment, after considering the applicable factors set forth in 18 USC 3553(a)", if the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 USC 3582(c)(1)(A)

"Extraordinary and Compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding

page 4

sentence modifications pursuant to 18 USC 3582(c)(1)(A) and stated that the Commission shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 USC 994(t). Congress also stated that rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id

Before the First Step Act, the Sentencing Commission promulgated the following policy statement;

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. 3582(c)(1)(A), the court may reduce a term of imprisonment, and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment if, after considering the factors set forth in 18 USC 3553(a), to the extent that they are applicable, the court determines that --

(1)(A) Extraordinary and compelling reasons warrant the reduction; or (2) The defendant is not a danger to the safety of any other person

or to the community, as provided in 18 USC 3142(g) and (3) The reduction is consistent with this policy statement US SG 1B1.13.4

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons to consider reduction of a sentence under 3582 (c)(1)(A). The defendant's physical, mental, or medical condition may qualify if certain are met USSG 1B1.13 cmt. n. 1(A). Specifically, if the (i). The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS) end stage organ disease, and advanced dementia.

(ii) The defendant is -
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes

page 6

the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G 1B1.13 cmt. n 1(A)

The Petitioner contends that he has obesity and hypertension, see

As noted, his obesity and hypertension may fall within the criteria of Application Note A, if he shows that he suffering from a "serious... medical condition... that substantially diminishes his ability to provide self-care in the correctional facility U.S.S.G 1B1.13 cmt n. 1(A) and also see United States v Lewis, 2020 US Dist. Lexis 111135 (D. Md June 25, 2020) and also, Brickhouse 2020 U.S. Dist Lexis at 7 However, Petitioner can provide evidence as to the seriousness of his obesity, hypertension and its effect, see (Medical Records) Petitioner points out that the Court may consider "Other Reasons" as determined by, numerous courts within other circuits have held that a defendant's pre-existing health conditions in combination with the increased risks of COVID-19 in prisons constitute extraordinary and compelling reasons warranting relief, Brickhouse, 2020 Dist Lexis at 7 and also United States v Zukerman, 2020

U.S Dist Lexis 59588 (S.D.N.Y. Apr 3, 2020)(Noting age, combined with diabetes, hypertension, and obesity, satisfy the requirement of an extraordinary and compelling reason to modify his sentence) citing U.S.S.G 1B1.13 comment n. 1(A)(ii)

The Petitioner asserts in the absence of such relief from the (BOP), reduction of his sentence to time served is consistent with U.S.S.G 1B1.13, because extraordinary and compelling reasons warrant the reduction. Here, it is clear that Petitioner would meet all of the requirements for compassionate release pursuant to 18 U.S.C 3582(c)(1)(A)

## Conclusion

Wherefore, for all the foregoing reasons, the Petitioner respectfully requests this Honorable Court to carefully consider his petition under 18 USC 3582(c)(1)(A) and to grant relief in this case, which the Court may deem the Petitioner is justly entitled.

Respectfully submitted
Ronald Hunter

page 8

## Certificate of Service

I Ronald Hunter, hereby certify that on the 13 Nov 2020, a copy of the foregoing to the Respondent;

U.S. ATTORNEY'S OFFICE
211 W. FORT STREET   SUITE-2001
DETROIT, MICHIGAN
            48226

Respectfully submitted
Ronald Hunter

RESPONSE TO INMATE REQUEST TO STAFF MEMBER
HUNTER, Ronald
Reg. No. 22594-039

You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_____         11/13/20
F. Entzel, Warden                Date

Ronald Hunter
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555
United States










11/13/20

RECEIVED
NOV 13 2020
FCI PEKIN
MAIL ROOM

22594-039
Federal Court Building
231 W Lafayette BLVD
Clerk Office
Detroit, MI 48226
United States

\* LEGAL MAIL \*

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

Mail Room
Federal Correctional Institution
P. O. Box 7000
Pekin, IL 61555-7000