UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 92-cr-81058
                                    Hon. Matthew F. Leitman

D21, RONALD HUNTER,

    Defendant.

_____/

**<u>ORDER (1) GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 952); (2) DENYING PLAINTIFF'S MOTION FOR A FULL STAY PENDING APPEAL; AND (3) GRANTING LIMITED STAY TO ALLOW PLAINTIFF TO SEEK STAY PENDING APPEAL FROM THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

Defendant Ronald Hunter is a federal prisoner in the custody of the Federal Bureau of Prisons.  In 1998, Hunter was convicted of murder in furtherance of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A) and carrying a firearm during and in relation to that crime in violation of 18 U.S.C. § 924(c). (*See* Judgment, ECF No. 963-2.)  The court sentenced Hunter to life imprisonment on the murder conviction and a consecutive term of 60 months' imprisonment on the Section 924(c) conviction. (*See id.*)

On November 13, 2020, Hunter, acting *pro se*, filed a motion for compassionate release. (*See* Mot., ECF No. 952.)  The Court subsequently appointed

Hunter counsel (*see* Order, ECF No. 953), and that counsel filed supplemental briefs on Hunter's behalf. (*See* Supp. Brs., ECF Nos. 957, 968.)

The Court held a video hearing on Hunter's motion on March 3, 2021, and it continued the hearing to March 4, 2021. (*See* Notices of Hearing, ECF Nos. 970, 974.) For the reasons explained in detail during the March 4, 2021, motion hearing, Hunter's motion is **GRANTED**. The entirety of Hunter's sentence is reduced to time served. Hunter shall be released from custody.

Immediately upon Hunter's release from custody, he shall begin serving the five years of supervised release that were originally imposed as part of his sentence. (*See* Judgment, ECF No. 963-2, PageID.2116.) Hunter shall comply with all of the terms of supervised release that were originally imposed, and the following additional terms:

- For the first twelve months of supervised release, Hunter shall be subject to home confinement (with location monitoring) at his residence. The supervising probation officer assigned to Hunter's case shall choose the location monitoring equipment. The Court will waive the costs of monitoring due to Hunter's indigence. During this period of home confinement, Hunter shall not leave his residence other than for employment or to look for employment, religious services, educational programming, medical appointments, substance

abuse and/or mental health treatment programs, appointments with counsel, and/or other activities approved in advance by his supervising probation officer;

- Hunter shall participate in mental health counseling as directed by his supervising probation officer; and

- Hunter shall participate in alcohol and/or substance abuse treatment programs as directed by his supervising probation officer.

At the conclusion of the March 4, 2021, hearing, the Government requested a full stay of the Court's ruling during the pendency of the Government's appeal. The standard governing the Government's request for a stay is as follows:

> "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [our] discretion." *Nken v. Holder*, 556 U.S. 418, 433−34, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009). We balance four factors to determine whether a stay is appropriate: (1) whether the government "has made a strong showing that [it] is likely to succeed on the merits"; (2) whether the government "will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure" other interested parties; and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). Further, the court may consider any danger a defendant might pose to the public if released, and the government's interest in continuing custody pending a decision on the merits of the appeal. *Id.* at 777, 107 S.Ct. 2113. Where the government "establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in

3

>the traditional stay analysis militate against release." *Id.* at 778, 107 S.Ct. 2113.

*United States v. Bass*, --- F. App'x ---, 2021 WL 476467, at *1 (6th Cir. Feb. 5, 2021).

The Court declines to stay its ruling during the pendency of the Government's appeal. With respect to the first stay factor, while this is a close case and while reasonable minds could disagree as to whether Hunter is entitled to compassionate release, the Government has not made a "strong showing that it likely to succeed on the merits" of its appeal. *Id.* With respect to the second factor, the Court is not persuaded that the Government will suffer irreparable harm without a stay. As the Court explained in detail on the record, the Court does not believe that Hunter poses a threat if released. Moreover, the Court has required Hunter to remain under home confinement for a period of twelve months, with electronic monitoring, and thus Hunter will be closely monitored during the pendency of the Government's appeal to ensure that he complies with the terms of his supervised release. Under all of these circumstances, a stay is not necessary to prevent harm to the Government. The third factor – whether a stay will substantially injure other interested parties – does not appear relevant here. Finally, the Court believes that the public interest favors the granting of prompt release where, as here, a defendant has shown that he deserves compassionate release and where he can be released under terms that will protect the

public. For all of these reasons, the Court denies the Government's request for a full stay pending appeal.

However, the Court will grant the Government a limited stay – for a period of 21 days – so that the Government may file a notice of appeal with the United States Court of Appeals for the Sixth Circuit and seek a full stay pending appeal from that court. Given this temporary stay, the Bureau of Prisons is not obligated to release Hunter under the terms of this order until March 26, 2021.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: March 5, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 5, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764